# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL NO.  3:03CR28


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| RICHARD DOYLE HUDSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to clarify the order of restitution imposed as part of his sentence.  The motion, however, actually seeks to exempt the Defendant from the Inmate Financial Responsibility Program.  The motion is denied.

The authority and method of collecting through the Inmate Financial Responsibility Program as well as the determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations.  **28 C.F.R. §§ 545.10-16.**  Defendant is, therefore, obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court.  *Aja v. Bureau of Prisons Staff*, **202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999);** *United*

*States v. Rumney*, 86 F.3d 1147 (table), 1996 WL 325485 (1ˢᵗ Cir. 1996);

*Indelicato v. Suarez*, 207 F.Supp.2d 216 (S.D.N.Y. 2002).

In addition, the Defendant's argument that the Inmate Financial

Responsibility Program is unconstitutional is rejected.  Assuming *arguendo*

that a prisoner has some property stake in working during incarceration, it

is not unconstitutional to condition the right to work to an agreement that

BOP will garnish a portion of the inmate's earnings for payment toward

fines, assessments and/or restitution.  *James v. Quinlan*, 866 F.2d 627

**(3d Cir. 1989).**  Indeed, such payments may be collected from non-wage

funds contained within a prisoner's inmate account.  *Moreno v. Hood*, 10

**Fed. Appx. 600 (9ᵗʰ Cir. 2001).**

As for the Defendant's argument that the order of restitution

contained within his Judgment of conviction is illegal, that argument is also

rejected.   The Defendant's argument is that the sentencing court

improperly delegated authority to the Inmate Financial Responsibility

Program or his probation officer to determine the method of payment of

restitution.  *See, United States v. Miller*, 77 F.3d 71 (4ᵗʰ Cir. 1996).  To

the contrary, the Judgment made the amount of restitution due in full

immediately and contained the following language: "All criminal monetary

penalty payments are to be made to the United States District Court Clerk . . ., except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. . . . All criminal monetary penalty payments are to be made as directed by the court." **Judgment of Conviction, filed May 5, 2004.** Because "the court retained both the right to review . . . and to exercise ultimate authority regarding the payment of restitution[,] the court therefore did not illegally delegate its authority." *United States v. Dawkins*, 202 F.3d 711, 717 (4th Cir. 2000) (citing *Miller, supra*); *accord, United States v. Watkins*, 2006 WL 149101 (4th Cir. 2006).

     **IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

               Signed: February 23, 2006

Lacy H. Thornburg
United States District Judge