# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00560-MR
# [CRIMINAL CASE NO. 3:03-cr-00028-MR-1]

| | |
|---|---|
| RICHARD DOYLE HUDSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court denies and dismisses the motion to vacate.

## PROCEDURAL HISTORY

Petitioner Richard Doyle Hudson pleaded guilty in this Court to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and to one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). [Crim. Case No. 3:02-cr-00028-MR ("CR"), Doc. 25: Judgment]. In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"),

determining that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1 based on two prior convictions for bank robbery, pursuant to 18 U.S.C. § 2113(a), in the District Court for the Southern District of Florida. [CR Doc. 46 at ¶¶ 38; 47; 48: PSR].

On April 19, 2004, this Court sentenced Petitioner as a career offender to a term of 202 months of imprisonment on the two bank robbery counts, to run concurrently, and to 60 months imprisonment on the possession of a firearm count, to run consecutively to the sentence on the bank robbery counts, for a total term of 262 months. [CR Doc. 25]. Petitioner appealed, and the Fourth Circuit affirmed Petitioner's judgment and conviction in an unpublished opinion on November 30, 2005. United States v. Hudson, 155 F. App'x 700 (4th Cir. 2005). Petitioner filed a motion to vacate on December 6, 2006, which this Court denied and dismissed with prejudice on May 25, 2007. [CR Docs. 41, 45].

Petitioner filed the instant *pro se* motion to vacate after receiving authorization from the Fourth Circuit to file a successive petition. [CR Doc. 52-2]. In his motion to vacate, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that his designation as a career offender and his conviction and resulting sentence for possession of a firearm in relation to a

2

crime of violence, under 18 U.S.C. § 924(c), violated his due process rights in light of Johnson. [Id. at 2, Doc. 3]. Petitioner dated the instant motion to vacate June 18, 2016, and it was stamp-filed in this Court on June 27, 2016. [Doc. 1]. Upon the filing of Petitioner's motion, the Court ordered the Federal Defenders of Western North Carolina to review Petitioner's motion pursuant to this Court's standing Order on cases asserting relief under Johnson. [Doc. 2]. The Federal Defenders declined to supplement Petitioner's motion. [Doc. 3].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner contends that his two predicate convictions for bank robbery under 18 U.S.C. § 2113(a), which were relied upon to support his career

offender designation, are no longer considered "crimes of violence" after Johnson.¹ Further, Petitioner argues that his conviction for possession of a firearm during and in relation to a crime of violence is infirm because bank robbery can no longer be considered a "crime of violence" in the context of § 924(c) after Johnson. [Docs. 1].

Petitioner's arguments are foreclosed by the Fourth Circuit's decision in McNeal v. United States, 818 F.3d 141 (4th Cir. 2016), cert. denied, No. 16-5017, 2016 WL 3552855 (U.S. Oct. 3, 2016). In McNeal, the Fourth Circuit held that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the "force clause" of § 924(c) because bank robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (quoting 18 U.S.C. § 924(c)(3)(A))). Thus, Johnson is not implicated here at all. Each of Petitioner's two predicate federal bank robbery convictions qualifies as a "crime of violence" under both § 924(c) and the "force clause" of the career

---

¹ In Johnson, the Court held that the "residual clause" of the Armed Career Criminal Act's definition of "violent felony" – defining an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court, however, did not strike the "force clause" of § 924(e)(2)(B)(i) that defines a "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 2563.

offender provision.  See United States v. Gill, No. 15-4178, 2016 WL 4087787 (4th Cir. Aug. 2, 2016) (per curiam) (on direct appeal, where the defendant, convicted as a career offender and also under § 924(c), with federal bank robbery as the underlying predicate conviction, argued that his § 924(c) conviction and career offender designated were erroneous, affirming and noting that "[b]oth issues fail . . . based on our recent opinion in United States v. McNeal").

**CONCLUSION**

For the reasons stated herein, the Court denies and dismisses the Section 2255 petition.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 4, 2016

Martin Reidinger
United States District Judge